

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Steven Cooper**
Direct Phone: +1 212 205 6027
Email: scooper@reedsmith.com

September 9, 2015

**VIA ECF and Email to Failla_NYSDCChamber@nysd.uscourts.gov**

The Hon. Katherine Polk Failla
United Stated District Court
for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: Winter Investors, LLC v. Scott Panzer, No. 14-cv-6852

Dear Judge Failla:

    We represent defendants Eli Verschleiser, EVE LLC, Sol Mayer and ETR Investor Holdings LLC ("Defendants") in the above-captioned matter and write, pursuant to Your Honor's Opinion and Order dated August 27, 2015, to inform the Court of the grounds on which they will move to stay the remaining active claims in this matter (the "Verschleiser-Diamond Claims") pending the outcome the parallel claims in *Frydman v. Diamond*, No. 14-1742 (S.D.N.Y. 2014). As discussed below, the Verschleiser-Diamond Claims against Verschleiser are intertwined with the claims Frydman asserts against the Diamonds in *Frydman v. Diamond*, and should be stayed pending a resolution of that action. Should the Court decline to stay the Verschleiser-Diamond Claims, Verschleiser seeks to dismiss the Verschleiser-Diamond Claims for failure to state a claim.

    **A. The Verschleiser – Diamond Claims Should Be Stayed**

    The original *ETRE* complaint alleged that the merger of ETRE Financial with ETRE Holdings was part of a conspiracy to circumvent certain provisions of ETRE Financials' Operating Agreement. On October 15, 2014, the Court set a schedule for Defendants' Motion to Compel Arbitration. Shortly before the motion was due, Frydman amended his complaint to add an additional 131 paragraphs and four new counts against Verschleiser, all of which were unrelated to *ETRE*, or the merger of ETRE Financial with ETRE Holdings. Instead, they relate to Verschleiser's purported interference with a separate business venture with different defendants, Warren and Scott Diamond (the "Diamonds"). Frydman alleges that Verschleiser encouraged the Diamonds to reject Frydman's request to permit him to take out a multi-million dollar loan on their jointly owned property and then encouraged the Diamonds to compel arbitration of their dispute with Frydman. Am. Compl. ¶¶ 307-45. This Court noted that the Verschleiser-Diamond Claims "appear to have been tacked on to the original Complaint in order to stymie anticipated motions to compel, or to convince the Court to accept as related" the *Frydman v. Diamond* action. ECF No. 73 at 28.

    The Verschleiser-Diamond Claims should be stayed because they are intertwined with Frydman's direct claims against the Diamonds. On November 3, 2014, Frydman commenced *Frydman*

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ SHANGHAI ♦ PITTSBURGH ♦ HOUSTON
SINGAPORE ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ SILICON VALLEY ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ ATHENS ♦ KAZAKHSTAN

ReedSmith

September 9, 2015
Page 2

*v. Diamond*, a 400 paragraph, 16 count RICO action before Judge Woods. Frydman alleges that the Diamonds improperly refused to consent to the loan and improperly sought to compel arbitration of Frydman's claims. The Verschleiser-Diamond Claims allege that Verschleiser improperly encouraged the Diamonds to deny the loan and compel arbitration. Thus, Frydman's claims against Verschleiser will be moot if the fact finder in the Diamond Action finds that the Diamonds were justified in refusing to approve the loan, or had a right to compel arbitration. The motion to compel arbitration in that action has been *sub judice* since February 13, 2015. Because the outcome of the Verschleiser-Diamond Claims depends on the outcome in *Frydman v. Diamond*, they should be stayed pending resolution of that action. *Readick v. Avis Budget Group, Inc.*, No. 12 Civ. 3988, 2014 WL 1683799, at *5 (S.D.N.Y. Apr. 28, 2014) (granting stay where resolution of concurrent federal action would resolve many of the factual and legal issues); *see Winter Investors, LLC v. Panzer*, No. 14 Civ. 6852, 2015 WL 5052563, at *12 (S.D.N.Y. Aug. 27, 2015) (granting discretionary stay where the non-arbitrable claims overlapped with the arbitrable claims). Allowing these overlapping claims to proceed on parallel tracks in the same district would waste judicial resources, risks inconsistent results, and would inconvenience the parties and witnesses who will be called to testify in both cases about the same facts. *See id.*

### B. The Verschleiser-Diamond Claims Should be Dismissed

Should the Court decline to stay the Verschleiser-Diamond Claims, they should be dismissed for failure to state a claim. *First*, Frydman's malicious prosecution claim fails because Frydman does not, as he cannot, plead that the Diamond's New York State Court action was terminated in Frydman's favor, the Diamond's were issued a provisional remedy, or that Frydman suffered special damages. *Sankin v. Abeshouse*, 545 F. Supp. 2d 324, 328 (S.D.N.Y. 2008) (special injury); *Diamond v. Strassberg*, 751 F. Supp. 1152, 1153 (S.D.N.Y. 1990) (provisional remedy); *Sipsas v. Vaz*, 855 N.Y.S.2d 248, 249 (2d Dep't 2008) (termination). *Second*, Frydman's abuse of process claim must also be dismissed because the mere commencement of an action by summons and complaint does not constitute an abuse of process. *Curiano v. Suozzi*, 63 N.Y.2d 113, 116 (1984). *Third*, Frydman's tortious interference with a contract claim fails because the contract does not require the Diamonds to approve the loan, and, as a result, the Diamonds did not breach any contract. *Benjamin Goldstein Prods., Ltd. v. Fish*, 603 N.Y.S.2d 849, 851 (1st Dep't 1993) (affirming dismissal of tortious interference claim where "plaintiffs failed to show that there was a breach of the underlying contract by third parties."). *Finally*, Frydman's tortious interference with prospective business relationship claims fails for the additional reason that Frydman does not plead that Verschleiser's behavior was criminal, independently tortious, or motivated for the sole purpose of inflicting intentional harm. *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190 (2004).

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/Steven Cooper

cc:   David Wrobel
      Jacob Frydman