UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINTER INVESTORS, LLC, *et al.*, <br><br> Plaintiffs, <br><br> -v.- <br><br> SCOTT PANZER, *et al.*, <br><br> Defendants. | 14 Civ. 6852 (KPF) <br><br> **ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court held a pretrial conference in this matter on September 2, 2020. During that conference, the Court ordered both parties to produce additional discovery material and to submit to forensic investigation certain specified computers. After hearing nothing from the parties for several months, on November 17, 2020, the Court ordered the parties to submit a joint letter, on or before December 4, 2020, notifying the Court of the status of the production and forensic investigations and discussing any remaining discovery disputes or other issues. (Dkt. #191). The Court is now in receipt of the parties' letter dated December 4, 2020 (Dkt. #192), and begins by registering its disappointment with how little progress the parties have made towards actually complying with the Court's September 2, 2020 Order.

As a separate housekeeping matter, the Court observes that counsel for EVE, LLC, Asher Gulko, has again taken the laboring oar in preparing Mr. Verschleiser's response while simultaneously claiming not to represent him in this litigation. The Court cannot make the metaphysical distinctions that Mr. Gulko has repeatedly asked it to make regarding his true clients. Instead,

given the many ways, direct and indirect, in which Mr. Gulko has purported to represent Mr. Verschleiser, the Court will deem him counsel for Mr. Verschleiser going forward in this litigation.

The parties' positions are characteristically irreconcilable, and the Court will not waste time detailing the degree to which it agrees with either side's depiction of recent events.  Rather, in order to remedy the issues raised by the parties in the December 4, 2020 letter, the Court orders the following events to take place on or before **December 15, 2020**:

- Counsel for Mr. Verschleiser shall submit to the Court a letter (i) identifying every desktop computer, laptop computer, server, or related device that Mr. Verschleiser and his former employees used for business purposes during the relevant time period, and noting where the data from those devices is currently held, and (ii) providing a resumé or similar documentation for the individual they intend to conduct the forensic examination of Mr. Frydman's server.

- Mr. Verschleiser and his counsel are further ordered to produce the 300+ emails, identified as relevant and responsive to Plaintiffs' demands, that have not been produced to date.

- Counsel for Plaintiffs shall submit to the Court a letter (i) identifying every desktop computer, laptop computer, server, or related device that Mr. Frydman and others acting on his behalf used for business purposes during the relevant time period, and noting where the data from those devices is currently held, and (ii) identifying Plaintiffs' original proposed search terms, so that the Court may decide on the appropriate set of terms for the review of Mr. Verschleiser's devices.

Thereafter, the parties are directed to meet and confer within one week of the Court's issuance of its approved search terms to set a schedule for the

forensic examinations of their respective computer systems, and to notify the Court by letter of the date(s) selected.

    SO ORDERED.

Dated:    December 8, 2020
             New York, New York

                                            KATHERINE POLK FAILLA
                                           United States District Judge