



January 21, 2021

<u>VIA ECF</u>

The Hon. Katherine Polk Failla
United States District Court,
Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

**MEMO ENDORSED**

Winter Investors, LLC v. Panzer, et al., Case no. 14-cv-06852 (KPF)

Dear Judge Failla:

     This letter is in response to Mr. Hayes's letter of even date. I informed Mr. Hayes, Esq., that I would be traveling today and unable to respond or view emails for a portion of the day, as I am traveling and with family on vacation. Nonetheless, I must respond to some of the points stated in Mr. Hayes' letter. I will attempt to be succinct, and not expend the Court's valuable time on issues that should and can be resolved by counsel.

     To be clear, Mr. Hayes, Esq., prior to the Court's last order that parties discussed and agreed that the inspections of plaintiff's equipment would take place on 1/14/21 and defendants' equipment will be inspected on 1/20/21. Plaintiff did not produce its equipment on 1/14/21 and after multiple competing letters were filed with this Court, the Court's most recent order directed the parties to meet and confer and conduct inspections on the same date. We had also agreed previously that Plaintiff's examination would be conducted first, followed by examination of Mr. Fryman's equipment. *See* email annexed hereto as <u>Ex. A.</u>

     Due to the Court's recent order instructing the parties to conduct these examinations on the same date, our expert could not physically travel to Hyde Park to image Mr. Frydman's server and then travel to New York City to image the other equipment of Mr. Frydman, including *interalia* two (2) desktops and two (2) laptops. I suggested to coordinate these efforts and meet in one locale, and they would exchange any necessary information prior to their examinations. Mr. Hayes suggested that we meet in Hyde Park to examine everything of his client, but then quickly reversed course and as mentioned below, notified me by e-mail last night, that they were moving his Client's server to New York City. *See* e-mail annexed hereto as <u>Exhibit B</u>. I also suggested that I could inquire with our expert to find someone near Hyde Park so if we needed to split our time between Hyde Park and New York City on the same day, we had that option. I sent Mr. Hayes a copy of that additional expert's resume, who works extensively with our current expert, and informed him that he would be involved in the imaging process. I have also attached a copy

of my e-mail to Mr. Hayes that annexed his resume here as <u>Exhibit C</u>.  Again, our object has been to move this forward – we have never terminated or stymied the efforts to get this exercise done, even though between the costs of legal and experts, my client an investor has spent an exorbitant sum of monies in this litigation. For this reason, I have gone beyond the typical precautionary measures to ensure this rendezvous would take place, otherwise my client will still suffer the expense, but without anything to gain.

     We could have easily turned Mr. Hayes' demand into noise for the Court and address the concern that we are now being told there is an artificial deadline of one date imposed by plaintiff's counsel, albeit not the Court, and though the equipment would be available – but only for one day –it well impossible for a single human to undertake the actions required in a one-day period, which are being imposed here by plaintiff's counsel. Instead, we offered to engage another expert who works with our current expert, and who just as qualified, and although, an additional it come to my Client as a significant additional cost, we believed this was still the most efficient way to work through this issue and achieve the apparent tight timeframe set by Frydman.  As such, I notified Mr. Hayes immediately and provided him with a copy of additional expert (a copy is annexed hereto for reference), so he was aware and could raise any questions he had with me.

### Recent Timeline

- On Wednesday, 1/20/21, at 9:50 p.m. I replied with the following by e-mail to Mr. Hayes:

  > **I have understood the experts are planning to meet at your office (address TBD) at 10AM. I asked them to exchange any information they needed. They will meet at your clients office (or other mutually agreed location) thereafter. Our experts intend to image each of the following: 2 laptops, 2 desktops and a server.**
  >
  > **Please let me know the time you like to start your examinations. 2PM? I believe the experts can work this out but let me know if you have other suggestions. They will examine my clients laptop and external storage device and will meet in person at 40 Wall Street, 60th Floor, or other mutually agreed upon location. Pls let me know protocol intends to use to conduct examination.**
  >
  > **We had agreed that all data shall be kept AEO until we have sorted through everything and discarded irrelevant date for resins such as privilege or generally not pertinent to these proceedings.**
  >
  > **Please confirm the foregoing is correct an that any misunderstands are addressed fully.**

- I suggested we meet on 1/22/21 because that was the date both our experts were available, to conduct their imaging work in Hyde Park and in New York City of Mr. Frydman's equipment.

- On 1/21/21 at 7:46 p.m., I reminded Mr. Hayes that the Court asked us to provide an update twenty-four (24) hours in advance of the meeting.

- At 8:01 p.m. on 1/21/21, Mr. Hayes responded:
  **The afternoon is not sufficient time - esp. as you still refuse to disclose the size of the drives to be examined; it's also contrary to what you wrote yesterday (you wrote that we would start "somewhere in the range of 10/11AM").** *See* e-mail anexxed hereto as Exhibit D.

The Court's most recent order was clear in its instructions: it asked that counsel meet and confer and agree on a single date to conduct their examinations, the protocols to be implemented for the examination process and proposals for privilege issues or other production not subject to disclosure. The Court also was unambiguous that the parties were not to use any lack of information or excuses to delay these examinations from moving forward.

While counsel for plaintiff has insisted that I didn't respond to his one e-mail that he sent Friday evening after the start of the Sabbath (knowing I am Sabbath observant) that preceded MLK day, and the day I was in the ICU due to an emergency medical condition, I have made the responses he seeks abundantly clear numerous times. Notwithstanding I will do so again now:

(a) We are scheduled and ready to move forward on 1/22; our experts are awaiting a location for your client's equipment, as of now, you have agreed to 10AM but have not disclosed a location.

(b) We have offered counsel for plaintiff to meet at 40 Wall Street on the 60th floor after our imaging of plaintiff's equipment, but I have not received a time, and I will need to have my client notify security, so there is no issue with access to the office building.

(c) Lastly, Mr. Hayes has not provided the protocol(s) he intends to use to examine Mr. Verschleiser's laptop and external storage device, which the Court required in its last order. He has simply responded he will mimic our process. This is not acceptable and appears that he has no real interest in the information sought or the process, otherwise plaintiff would be concerned with protocol.[1]

---

[1] Similarly, Mr. Hayes only sought to go to the residence of Mr. Verschleiser, despite there not being any connection to his place of residence, but as he states in his own e-mail, he wishes to do the same that Mr. Verschleiser (albeit) rightfully seeks from him. *See* e-mail attached as Ex. 3.

## CONCLUSION

Despite the foregoing, it *does* appear the parties and their experts are prepared to meet tomorrow and conduct their respective examinations. Yet, in light of the foregoing and the easy ability for a party to find or create miscommunication, and in an effort to avoid any even slight confusions, we ask the Court to direct the following:

1. Experts for defendants will image Mr. Frydman's equipment at the location provided by Mr. Hayes by 8:00 PM (EST) tonight (1/21/21), otherwise the imaging will take place at the office of defendant at 40 Wall Street, 60th Floor;

2. The examination of defendants' laptop and external storage device will follow the imaging of plaintiff's devices at 40 Wall Street, 60th Floor. The parties expect this phase to start by or around 2PM, however, are not limited to that time;

3. Any information discovered by the examining party will remain subject to Attorney's Eyes' Only until counsel for both parties mutually agree for its disclosure or the Court determines otherwise;

4. In the event that plaintiff does not proceed with the imaging of his equipment tomorrow, he will be personally responsible for the costs and fees, including attorneys' fees related to this letter campaign, expert fees and any third-party costs.

We thank the Court for its attention and responsiveness to this matter.

Very Truly Yours,

*/Asher Gulko*

The Court is in receipt of Plaintiff's letter motion of January 21, 2021 (Dkt. #205), as well as Defendants' above reply.  The Court understands that the imaging of the parties' devices may be a time-intensive endeavor and thus prefers concurrent, rather than consecutive, action.  It is the Court's understanding based on counsel's previous correspondence that this is logistically feasible for the parties' experts.  Accordingly, the Court hereby directs that the imaging of the parties' devices shall occur **simultaneously beginning at 10:00 a.m. on January 22, 2021**, in accordance with the following protocol unless otherwise agreed upon by the parties in advance.  Counsel **shall not be physically present**, but shall be available to their respective experts and each other by telephone or other means of communication.

1. At 10:00 a.m. on January 22, 2021, Defendants will permit Plaintiff's previously-identified expert to enter into the premises at 40 Wall St., 60th Floor, and to inspect the laptop and portable hard drive previously described to the Court and designated for inspection, pursuant to the imaging protocol agreed upon by the parties' experts.  Defendants may have an observer, other than counsel, on site if desired.

2. At 10:00 a.m. on January 22, 2021, Plaintiff will permit Defendants' previously-identified expert(s) to enter into the premises at 17 State St., 19th Floor, New York NY 10003, and to inspect the laptops, desktop, and server previously described to the Court and designated for inspection,, pursuant to the imaging protocol agreed upon by the parties' experts.  Plaintiff may have an observer, other than counsel, on site if desired.

If either party desires to change the location where their devices will be examined, they are directed to notify opposing counsel and the Court by 10:00 p.m. this evening.  Further, if either party believes there is good cause why the procedure set forth above cannot be accomplished, they are directed to notify the Court immediately.

SO ORDERED.

Dated:    January 21, 2021
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE